# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **E.P. B/N/F and individually  D.P.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No.** |
| | § | |
| **CELINA INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| **Defendants,** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now, E.P. ("Student"), by next friend, D.P. (collectively "Plaintiffs") and files this Original Complaint against Celina Independent School District ("CISD," "the District," or "Defendants"), and would show the court as follows:

### 1.

### Jurisdiction and Venue

1.1    This action arises under, 42 USC §12132, and 29 U.S.C. 794, and 42 U.S. Code § 12203. The Court has jurisdiction of this action under 28 USC § 1331 and 28 USC § 1343.

1.2    Venue properly lies in this Court pursuant to the general venue statute, 28 U.S.C. § 1391(b).

### 2.

### The Parties

2.1    E.P. is a student who was at all times pertinent hereto enrolled in the Celina Independent School District. Deborah Painter ("D.P." herein) is the mother of Student and brings this suit both

individually as next friend of E.P.. The student's initials are used to protect the minor's privacy consistent with Federal Rules and Local Rules.

2.2     Celina Independent School District is a public school district in the State of Texas.

2.3     Title VI of the Civil Rights Act provides that "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of ... title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. 42 U.S.C. § 2000d–7(a)(1).

## 3.

## Factual Background

3.1     E.P. is a seven-year-old student currently enrolled in the second grade at Martin Elementary School in the Celina Independent School District. The Student enrolled in the District on October 21, 2024, and has attended Martin Elementary School throughout the 2024-2025 and 2025-2026 school years.

3.2     The Student is a qualified individual with a disability within the meaning of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. She has been identified as having Other Health Impairment (due to documented diagnoses of Neurofibromatosis Type 1), Orthopedic Impairment (due to Neurofibromatosis, Mild Hemiplegia, and Hypotonia), Speech Impairment in the area of articulation, and Visual Impairment. These conditions substantially limit multiple major life activities, including ambulation, fine and gross motor function, vision, communication, and learning. The Student's

1

conditions also render her medically fragile, a fact known to the District throughout the relevant period.

3.3    The District retaliated against Ms. Painter for engaging in protected activity under the ADA. Ms. Painter's ongoing advocacy on behalf of her disabled daughter, including her repeated requests for accommodations, her provision of medical documentation supporting the Student's needs, her requests for modifications to the Student's educational program, and her formal complaints regarding the District's treatment of the Student constitutes protected activity under the ADA. The District was aware of this advocacy throughout the relevant period.

34.    In direct response to Ms. Painter's protected advocacy, and notwithstanding the District's receipt of formal medical documentation supporting the Student's attendance-related needs, the District initiated truancy proceedings against Ms. Painter and referred the matter to truancy court. The retaliatory nature of this action is evident: the Student's absences and early departures were the product of her documented medical condition, and the Student was plainly exempt from compulsory attendance requirements under Texas Education Code Sections 25.086 and 25.087. The District had no legitimate basis to pursue truancy proceedings given this documentation, and its decision to do so was retaliatory.

3.5    As a direct consequence of the District's retaliatory truancy proceedings, Ms. Painter was required by the school to begin bringing the Student to school fifteen minutes before the school day began and to sign in at the attendance office each day. This punitive condition, imposed on a disabled student and her parent as a result of advocating for disability-related accommodations, directly interfered with the Student's medical treatment schedule. It also had no legitimate

2

educational justification. The imposition of this condition following and in response to the parent's protected advocacy further evidences the District's retaliatory intent.

3.6    Despite actual knowledge of the nature and severity of the Student's disabilities, the District has repeatedly and deliberately failed to modify its policies, practices, and procedures to prevent discrimination against her on the basis of her disabilities, and has taken adverse action against her family in retaliation for advocating for her rights.

3.7    The District discriminated against the Student on the basis of her disabilities, acting with deliberate indifference and/or discriminatory intent, by refusing to provide or consider a 1:1 aide despite actual knowledge that her multiple physical, cognitive, and medical impairments required individualized support. The parent formally requested a 1:1 aide shortly after the Student enrolled. The District ignored this request for several months, and when it finally addressed the matter, conditioned any consideration of a 1:1 aide on the placement of the Student in a more restrictive educational environment. This condition had no legitimate basis. By making a disability-related accommodation contingent on segregating the Student from her non-disabled peers, the District treated the Student less favorably because of her disability. This constitutes direct discriminatory treatment.

3.8    The District further discriminated against the Student by refusing to implement a reduced school day and related medical accommodations despite receiving clear and consistent documentation establishing that such accommodations were medically necessary. As early as November 27, 2024, the parent provided the District with a physician's letter supporting the need for a shortened school day. Rather than modifying its attendance practices to accommodate the Student's documented medical needs, the District responded by requiring the parent to obtain a

3

new physician's note for every individual day the Student was absent or left school early. This policy, as applied to the Student, imposed a discriminatory and unreasonable burden on the family arising directly from the Student's disability.

3.9     In August 2025, Ms. Painter informed the District that MRI imaging had revealed the presence of multiple tumors in the Student's brain and body, a significant and documented deterioration in the Student's medical condition with direct and foreseeable implications for her ability to participate in the District's educational programs. Rather than modifying its practices to accommodate this changed medical reality, the District took no responsive action. This was an act of deliberate indifference. When the District subsequently received a physician's formal recommendation in December 2025 specifically calling for reduced school days, early dismissal, flexibility with attendance, and a modified class structure, the District again failed to implement any of these accommodations, again acting with deliberate indifference. The District's continued refusal to make reasonable modifications in response to documented medical need, despite having both actual knowledge of the Student's disability-related requirements and formal guidance from a treating physician, constitutes deliberate indifference to the Student's federally protected rights.

3.10    The District also discriminated against the Student by substantially and unjustifiably reducing the disability-related services she required. Prior to enrolling in Celina ISD, the Student was receiving Orientation and Mobility ("O&M") services as well as robust Occupational Therapy ("OT") and Physical Therapy ("PT") services through her prior educational program in Utah. Upon the Student's enrollment, the District eliminated O&M services entirely without documented justification. The District similarly cut the Student's OT services from 120 minutes

4

of direct service monthly to 120 minutes every nine weeks, less than half of her prior level, and reduced her PT services from 160 minutes of direct service monthly to 140 minutes every nine weeks. These reductions were not supported by any assessment, clinical data, or documented rationale, and the District provided none. The Student's disabilities, and the functional limitations they impose, did not diminish upon her enrollment in Celina ISD. The District's elimination and reduction of disability-related services, without justification, reflects deliberate indifference and/or an act of intentional discrimination to the Student's known disability-related needs and denied her equal access to the District's educational programs on the basis of her disabilities.

3.11    The District's failure to provide reasonable accommodations had direct and foreseeable consequences for the Student's safety. On December 20, 2024, the parent informed District staff that the Student's pants were falling down at school, a direct consequence of her physical disabilities including Hemiplegia and Hypotonia. This concern put the District on actual notice that the Student required additional physical support or personal care accommodations to protect her safety and dignity. The District failed to take any corrective action. On January 31, 2025, as a direct and foreseeable result of that failure, a peer inappropriately touched the Student while her pants were down. This harm was foreseeable and preventable. The District's deliberate disregard of a known risk arising from the Student's disability, resulting in physical harm to the Student, constitutes deliberate indifference and/or intentional discrimination under the ADA.

## 4.

### Administrative Remedies

4.1    Plaintiffs are not herein seeking relief available under the Individuals with Disabilities Education Act (IDEA). To the extent that any facts are alleged herein which would constitute

liability for an education based claim, Plaintiffs are not herein seeking a remedy available under IDEA from this Court for any such claim. Plaintiffs have separately sought administrative relief for claims under IDEA in *E.P. b/n/f D.P v. Celina Independent School District*; TEA Docket No. 278-SE-0326.  Per the Court's guidance in *Perez v. Sturgis Pub. Sch.*, 598 U.S. 142 (2023), Plaintiff's claims in this action are for compensatory damages not available under IDEA.

**5.**

**<u>Claim for Relief Count 1: Americans with Disabilities Act - Discrimination</u>**

5.1     Plaintiffs incorporate and reallege sections 1-4 as if fully incorporated herein.

5.2     Plaintiff is entitled to protection of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be subjected to discrimination by any public entity.

5.3     Plaintiffs are informed and therefore allege that Celina ISD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations and activities described herein.

5.4     Defendants have violated E.P.'s rights under the ADA by subjecting her to discrimination on the basis of her disability, by deliberate indifference and/or acts of intentional discrimination, as demonstrated by the facts alleged herein.

**6.**

**<u>Claim for Relief Count 2 : Americans with Disabilities Act - Retaliation</u>**

6.1     Plaintiffs incorporate and reallege sections 1–5 as if fully incorporated herein.

6.2     Plaintiffs are entitled to protection from retaliation Pursuant to 42 U.S.C. § 12203(a).

6.3     Plaintiffs engaged in protected activity under the ADA by opposing Defendants' discriminatory practices, by advocating for Plaintiff's civil rights, and by making complaints, and filing grievances related to Defendants' violations of E.P.'s rights, as described herein.

6.4     Defendants violated 42 U.S.C. § 12203 by retaliating against E.P. and D.P. on account of their protected activity, as demonstrated by the facts alleged herein.

**7.**

**Demand for Jury Trial**

7.1     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action. In accordance with the Federal Rules, this jury demand is being filed with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division.

**8.**

**Prayer for Relief**

Wherefore, Plaintiffs pray for relief as set forth below:

    a.      This Court assume jurisdiction over this action;

    b.      Enter an order finding in favor of Plaintiff's causes of action against Defendants;

    c.      Enter judgment awarding Plaintiffs compensatory damages and punitive damages in a sum to be determined at the trial of this matter, exceeding the jurisdictional minimum;

    d.      Award Plaintiffs' attorney's fees and costs, including pre- and post-judgment interest pursuant to 42 USC § 1988(b);

    e.      All such and further relief to which Plaintiffs may be entitled as a matter of law and equity.

Dated: April 24, 2026

7

/s/ Jordan McKnight

Jordan McKnight
SBN: 24075586
P.O. Box 664
Little Elm, Texas 75068
Tel:  (903) 271-4696
jordanmcknightlaw@gmail.com
*ATTORNEY FOR PETITIONERS*

8